**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| JEFFREY S. MILAM, | * | |
| Claimant, | * | |
| v. | * | CASE NO. 3:07-CV-22 CDL |
| | * | Social Security Appeal |
| MICHAEL J. ASTRUE, | | |
| Commissioner of Social Security, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420,

28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

**Administrative Proceedings**

Claimant filed an application for disability benefits on June 19, 2003. (R-10, p. 1). Claimant's application was denied initially and on reconsideration. *Id.* Claimant then filed a request for a hearing, which was held on August 24, 2005. *Id.* Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated September 20, 2005. (T-19-33). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision

of the Commissioner.

## Statement of Facts and Evidence

Claimant alleges that he is disabled due to degenerative disc disease, rotator cuff injury, fatigue due to hepatitis C and panic attacks. (R-10, p. 3). After examining the medical records, the ALJ determined that Claimant had hepatitis, degenerative disc disease, depression and anxiety, with substance abuse issues which are in remission, impairments that are severe within the meaning of the Regulations but not severe enough to meet, or medically equal, one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (T-17). The ALJ then found that Claimant had the residual functional capacity to perform a range of light work with a sit/stand option, an inability to drive, with a limitation to simple work. (T-33).

## DISCUSSION

In the sole issue for determination in this case, the Claimant contends that the ALJ failed to fully develop the record where he failed to order a consultative physical evaluation of the Claimant. (R10, p. 6). Claimant argues that a full and fair record would have been developed had a physical consultative examination been performed. The Eleventh Circuit has held that the fundamental obligation to develop a complete and fair record may involve requiring a consultative examination of the claimant. *Smith v. Bowen,* 792 F.2d 1547, 1551 (11th Cir.1986); *See Reeves v. Heckler,* 734 F.2d 519, 521-522 (11th Cir.1984). "Consultative examinations are not required by statute, but the regulations provide for them where warranted." *Smith* at 1551; 20 C.F.R. § 404.1517 (2000). Therefore, an ALJ has committed reversible error where he chooses not to order a consultative examination when

such an examination is deemed necessary "to make an informed decision." *Reeves,* 734 F.2d at 522 n. 1. Although, ultimately, the onus is on the Claimant to provide to the Commissioner the medical evidence to support his impairment allegations, the ALJ must still follow the standards as set forth in the code, the rules and the regulations. *See,* 20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c).

After a thorough review of the evidence in this case, it appears that the ALJ's determination that the Claimant could perform the demands of a range of light work is supported by the record as a whole and shows that the need for a consultative physical evaluation was not warranted. The ALJ has no duty to investigate further unless the existing record evidences a reasonable suspicion of a **potentially disabling impairment that has not been fully evaluated**. *Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir. 1985) (emphasis added).

The medical evidence of record here fails to reveal that Claimant had any physical impairments that affected his ability to work any more significantly than what the ALJ found. The ALJ discussed the physical impairments as alleged by Claimant and reported in his medical records and determined that Claimant was not as physically limited as he claimed. (T-31). Although Claimant requested a physical consultative examination for further evaluation of Claimant's claims of fatigue and back pain following the hearing in this matter, the ALJ apparently felt he had adequate evidence to support his findings based on the medical record, the Claimant's testimony and the testimony of the vocational expert. In light of the foregoing, under the present circumstances, the ALJ was not required to order a

consultative examination of the Claimant. As such, no error is found in the ALJ's failure to order a consultative physical examination of Claimant in this case.

## **CONCLUSION**

This Court finds that substantial evidence supports the Commissioner's decision and further finds that the Claimant's claims that the ALJ committed error have no basis as the determinations he made are completely within his judicial discretion. Furthermore, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 5th day of November, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw